UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**TECHNICAL SALES, INC.,**

    **Plaintiff,**

    v.                                                                CIV. NO. 05-556 ACT/DJS

**DRESSER, INC.,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Dresser, Inc.'s ("Dresser") Motion to Dismiss or to Transfer Venue and, Subject Thereto, its Original Answer filed June 10, 2005. Docket No. 5. Having reviewed the motion, the memoranda and all relevant authority, the Court being fully advised finds that the motion is not well taken and will be denied.

Background.

Plaintiff, Technical Sales, Inc. ("TSI"), originally filed this lawsuit in the Eleventh Judicial District Court, San Juan County, New Mexico. Dresser removed the lawsuit to the United States District Court for the District of New Mexico on May 20, 2005.[1] TSI is a New Mexico Corporation with its principal place of business located in Farmington, New Mexico. TSI is in the business of selling equipment and services to customers involved in oil and gas exploration and production.

---

[1] Dresser assets that it was "statutorily required to remove this lawsuit to this Court." Motion, p. 1. This assertion is not accurate as the statute that authorizes removal is permissive not mandatory. 42 U.S.C. §1441(a).

Dresser is a Delaware Corporation in the business of manufacturing and selling equipment to customers in the energy industry.

Between 1996 and 2005, TSI was Dresser's sales representative in New Mexico. TSI marketed certain products manufactured by Dresser in New Mexico, solicited orders for Dresser's products from customers located in New Mexico and delivered products to customers located in New Mexico. During 2004, TSI purchased products directly from Dresses and resold and delivered these products to customers in New Mexico and other states. Dresser maintains a registered agent for service of process in New Mexico.

On March 22, 2005, Dresser filed an arbitration demand with the American Arbitration Association in Dallas, Texas in which Dresser claims that TSI owes money for products which Dresser sold directly to TSI. Dresser contends that TSI agreed to arbitrate these claims. These sales were made by three separate business units of Dresser: 1) Modern Supply Company; 2) Masoneilan; and 3) Flow Solutions. For purposes of this motion, TSI agrees that the Flow Solutions invoices are subject to arbitration. However, TSI asserts that it has not agreed to arbitrate the Modern Supply Company and Masoneilan invoices.

On March 25, 2005, Dresser filed an arbitration demand with the American Arbitration Association in Houston, Texas, in which Dresser seeks a declaration that it does not owe TSI any commissions. TSI agrees it is obligated to arbitrate the issue of commissioners accepted by Dresser prior to December 31, 2003. However, TSI asserts it never agreed to arbitrate disputes over commissions on orders accepted by Dresser after December 31, 2003.

In this lawsuit TSI seeks a declaration that Dresser's claim to recovery money for the sales of Modern Supply Company and Masoneilan products are not subject to arbitration and that TSI's

claim to recover commissions on orders accepted by Dresser after December 31, 2003 are not subject to arbitration. TSI also seeks a declaration that it is entitled to an offset against the amount it owes Dresser for the purchase of products equal to the amount of unpaid commissions. TSI also is seeking damages for breach of contract, quantum meruit, misrepresentation and unfair practices arising out of Dresser's failure to pay commissions.

Discussion.

      *a.*      *Venue under 28 U.S.C. § 1391(a).*

Pursuant to 28 U.S.C. § 1391(a):

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides if all defendants reside in the same state, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred....

For purposes of venue under the statute:

> ....a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

28 U.S.C. § 1391(c).

It is undisputed that Dresser maintains a registered agent for service of process in New Mexico. Dresser has not challenged personal jurisdiction pursuant to Fed.R.Civ.P. 12(h). Dresser clearly "resides" in New Mexico pursuant to 28 U.S.C. § 1391(c). Thus, venue in this district is proper under 28 U.S.C. § 1391(a)(1).

Also, the Affidavit of John Greaney,[2] President of TSI demonstrates that "a substantial part

---

[2]In determining a motion to dismiss pursuant to Fed.R.Civ. P. 12(b)(3), a court's reference to evidence outside the pleadings does not convert the motion to a Fed.R.Civ.P. 56 motion. *Eli Brown v. Flowers*, 297 F. Supp. 2d 846 (Mid.D.N.C. 2003); *See Radil v. Sanborn W. Camps, Inc*., 384 F.3d 1220, 1224 (10th Cir. 2004).

of the events or omissions giving rise to the claim" occurred in this district. Exhibit A, Response. TSI was Dresser's sales representative in New Mexico. TSI marketed Dresser's products to customers in New Mexico and solicited orders for Dresser's products from customers in New Mexico. Thus, venue in this district is proper under 28 U.S.C. § 1391(a)(2).[3]

Defendant argues that the parties agreed to a particular forum, Texas, to resolve their disputes. In support of this contention, Dresser attaches as exhibits the "Authorized Domestic Sales Representation Agreement between Dresser Flow Control, Dresser, Inc. and Technical Sales, Inc." dated March 1, 2002 (Exhibit A), the same agreement dated March 1, 2002, (Exhibit B) and an undated "General Terms of Sale" (Exhibit C).

For purposes of this Motion, TSI agrees that the dispute regarding payment of the Flow Solutions invoices, and the dispute regarding payment of commissions on orders accepted by Dresser prior to December 31, 2003, are subject to arbitration. However, also at issue in this matter is payment of Modern Supply Company and Masoneilan invoices and commissions on orders after December 31, 2003. Dresser has submitted no evidence that the parties agreed to a particular forum on these matters. Nor do the documents relied on by Dresser demonstrate that these matters should be decided in Texas.

*b. Transfer under 28 U.S.C. § 1404(a).*

Although venue is proper in the District of New Mexico, the Court may transfer a case if it determines that the proposed district would be more convenient to the parties and witnesses. The

---

[3] Dresser has requested that this matter be transferred or dismissed pursuant to 28 U.S.C. § 1406(a). This statute requires dismissal or transfer of a lawsuit when the lawsuit is in the wrong venue. Since the Court finds that venue is proper in this District, the Court denies Dresser's request to transfer this case pursuant to 28 U.S.C. § 1406(a).

statute giving rise to a court's authority to transfer states:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
>
> 28 U.S.C. § 1404(a).

The court should consider the following factors in determining whether to transfer a case:

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from contested dockets; the possibility of the existence of questions arising in the area of conflict of law; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).

The plaintiff's choice of forum should rarely be disturbed unless the balance weighs strongly in favor of the movant. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). The party seeking to transfer the case has the burden of proving that the existing forum is inconvenient. *Id.*

Applying these factors to the circumstances of this case, the Court concludes they weigh toward denying the motion to transfer. Plaintiff chose to file this action in the District of New Mexico. TSI has identified specific witnesses it intends to call at trial and they reside in New Mexico and states other than Texas. Dresser does not identify specific witnesses but states that it intends to call at trial "many of its employees-all of whom are citizens and residents of Texas." Motion, p. 8. Dresser relies heavily on the fact that the relevant documents in this matter are located in Texas. TSI states that it intends to go to Texas to review the documents and would have to do if this case was transferred to Texas. Moreover, Dresser has not explained why these documents could not be

5

transported to New Mexico.

Regarding the cost of making the necessary proof, if the case remains in New Mexico, Dresser's employees would have to travel to testify. It the matter is transferred to Texas, TSI's specifically named witnesses would have to travel to Texas. This factor does not weigh toward transferring the matter to Texas. *ROC, Inc. v. Progress Drillers, Inc.*, 481 F. Supp. 147, 152 (W.D. Okla. 1979) ("Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue.").

There is no issue that a judgment in New Mexico can be enforced in Texas. There is no suggestion that Dresser cannot obtain a fair trial in New Mexico. There is no indication that this matter will not be tried in a timely manner in New Mexico. The court is capable of applying New Mexico and Texas law, if the latter applies. There is no issue concerning "local law."

For all the foregoing reasons, Dresser has not met its' burden to show that venue should be transferred to Texas pursuant to 28 U.S.C. § 1404(a).

**IT IS THEREFORE ORDERED** that Defendant Dresser, Inc.,'s Motion to Dismiss or to Transfer Venue and, Subject Thereto, its Original Answer filed June 10, 2005 [Docket No. 5] is denied.

                                                                               **ALAN C. TORGERSON**
                                                                               **UNITED STATES MAGISTRATE JUDGE,**
                                                                               **PRESIDING**