## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**TECHNICAL SALES INC.,**

       **Plaintiff,**

**vs.**                                    **No. CIV 05-0556 ACT/DJS**

**DRESSER, INC.,**

       **Defendant,**

**vs.**

**JOHN GREANEY,**

       **Third-Party Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Third Motion to Compel Discovery **[Doc. No. 88]**, filed April 17, 2007.  Plaintiff moves the Court for an order compelling Defendant to produce documents it requested in its Third Request for Production of Documents served on March 11, 2007.  Plaintiff contends Grant Thornton represented to the parties that a report of products sold, sorted by shipping destination, could be generated from Defendant's electronically stored sales records.  Plaintiff attempted to obtain these reports from Grant Thornton without success.  Grant Thornton requested additional funds to complete the report, funds which TSI did not have.   Therefore, Plaintiff seeks these reports from Defendant at Defendant's cost.

Requests for Production No. 31 requests:

A report, in Excel format, listing each shipment of a Dresser product into TSI's territories for the period January 1999 through 200[5].  The report should contain all available information concerning each transaction, including, but not limited to, the following information: (1) a description of the product, including produce code number; (2) the shipping destination of the product; (3) the purchase price for the product; (4) the customer who purchased the product;

(5) the sales order number and date; and (6) the name of each person or entity who received a commission on the sale of the product together with the commission amount paid. TSI requests that the report be provided in electronic non-read only format.

Request for Production No. 32 requests:

A report, in Excel format, listing each shipment of a Dresser product to Houston, Texas for the period January 1, 1999 though 200[5]. The report should contain all available information concerning each transaction, including, but not limited to, the following information: (1) a description of the product, including product code number; (2) the shipping destination of the product; (3) the purchase price for the product; (4) the customer who purchased the product; (5) the sales order number and date; and (6) the name of each person or entity who received a commission on the sale of the product together with the commission amount paid. TSI requests that the report be provided in electronic non-read only format.

Request for Production No. 33 requests:

A report, in Excel format, showing each shipment of a Dresser product to Tulsa, Oklahoma, for the period January 1, 1999 through 200[5]. The report should contain all available information concerning each transaction, including, but not limited to, the following information: (1) a description of the product, including product code number; (2) the shipping destination of the product; (3) the purchase price for the product; (4) the customer who purchased the product; (5) the sales order number at date; and (6) the name of each person or entity who received a commission on the sale of the product together with the commission paid. TSI requests that the report be provided in electronic non-read only format.

Defendant objected to these requests on the grounds that the requests were an inappropriate attempt to circumvent the audit, were intrusive, overbroad and unreasonably burdensome, and requested information that was confidential and proprietary. Pl.'s Third Mot. to Compel Discovery, Ex. A (Def.'s Responses to Pl.'s Third Request for Production of Documents). Defendant also objected to the form in which Plaintiff requested the information, asserting that creating "reports" was beyond the scope of the rules of discovery. *Id.*

Since the filing of Plaintiff's Third Motion to Compel, Judge Torgerson issued a Memorandum Opinion and Order on May 14, 2007, terminating the audit because it had "become entirely too expensive." Mem. Op. and Order at 2. Thus, Defendant's objection that Plaintiff's

requests for production are "an inappropriate attempt to circumvent the audit presently being performed" is moot.

> In his May 14, 2007 Memorandum Opinion and Order Judge Torgerson also noted:

> Plaintiff has represented to the Court that Grant Thornton can produce a computer generated report that lists all shipments of Defendant's products to Plaintiff's territories during the relevant time period.  Plaintiff has requested in its Motion that Grant Thornton provide both parties with this report including the shipment of products to Houston, Texas and Tulsa , Oklahoma as Plaintiff believes that Defendant also shipped covered products intended for use in Plaintiff's territories to those two locations.  Plaintiff argues that it can use this report to make its own calculations in support of its claims, in lieu of having Grant Thornton proceed with Phase II of the audit.

> Having terminated the audit, the Court now GRANTS Plaintiff's request.  The parties are directed to contact Grant Thornton and arrange for this report to be prepared including the data regarding the shipment of products to Houston and Tulsa.  The parties are to equally share the cost of preparation of this report.  If satisfactory arrangements cannot be made with Grant Thornton, the parties are to notify the Court.

*Id.* (emphasis added).  Following Judge Torgerson's directive, Plaintiff wrote to Grant Thornton requesting it "prepare a report, in Excel non-read only format, listing sales of Dresser products during the period January 1, 1999 through 2005, shipped to: 1) TSI's territories, as defined in the applicable sales representation agreement; 2) Houston, Texas; and 3) Tulsa, Oklahoma."  Def.'s Surreply, Ex. A (May 14, 2007 letter from Jack Hardwick to Grant Thornton).

> In response to Plaintiff's letter, Grant Thornton wrote, in pertinent part:

> Gathering the information requested and presenting it in this form specified by TSI represents a significant portion of the procedures we suggested in our Phase 2 proposal.  We estimate our additional fees for this work will range from $40,000 to $70,000.

> We are prepared to begin work on preparing the report upon receipt of payment for our outstanding invoices, including the attached invoice covering the period from March 5, 2007 to May 8, 2007 and TSI's payment of $186,459.30 for their share of our fees through March 2, 2007, and upon acceptable arrangements being made for payment of our fees for preparation of the Report.

Def.'s Surreply, Ex. B (May 21, 2007 Grant Thornton letter).

3

Plaintiff then requested a status conference before Judge Torgerson to address Grant Thornton's response to its request for the report.  On May 24, 2007, Judge Torgerson held the status conference.  At that hearing, the parties informed Judge Torgerson that the report entailed completing a significant portion of the "Phase II" analysis as Grant Thornton had initially proposed.  Because the Court had granted Plaintiff's April 3, 2007 Motion to Clarify Audit Order (Doc. No. 85), requesting that the Phase II analysis not be performed, Judge Torgerson informed Plaintiff  it would have to deal directly with Grant Thornton if it wanted the report.  Judge Torgerson also stated Defendant was not obligated to pay for the report.  *See* May 24, 2007 Clerk's Minutes (Doc. No. 102).

Defendant contends it provided Grant Thornton with access to electronically stored information regarding all of Defendant's transactions, including non-TSI transactions.  Def.'s Surreply at 5.  Defendant also contends the reports Plaintiff seeks will be based on the same electronic databases it already provided Grant Thornton.  Because the "report" Plaintiff sought from Grant Thornton does not exist and because the auditor will not create the "report" until Plaintiff pays its share of Grant's Thornton's fees as set forth in Grant Thornton's May 21, 2007 letter, Defendant argues the Court should not compel it to produce a "report" that does not exist.

Rule 34 of the Federal Rules of Civil Procedure states:

> Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect, copy, test, or sample any designated documents or electronically stored information– including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained– translated, if necessary, by the respondent into reasonably usable form . . . .

Fed.R.Civ.P. 34(a).  Rule 34(b) also directs the requestor  to "specify the form or forms in which electronically stored information is to be produced."  Fed.R.Civ.P. 34(b).  Additionally, "if a

4

request does not specify the form or forms for producing electronically stored information, a responding party must produce the information in a form or forms in which it is ordinarily maintained or in form or forms that are reasonable." *Id.*

Defendant cites to *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 620 (D.Kan. 2005), in support of its contention that "the rules of discovery do not create any obligation for one party to create non-existent documents for another party." Def.'s Surreply at 6. In *Cardenas*, Defendant did not produce the requested documents because it "ha[d] no documents responsive" to the request. This case is distinguishable in that the documents sought by Plaintiff do exist but not in the format it desires. The reports Plaintiff requests in Request for Production Nos. 31, 32 and 33 can be compiled from the Defendant's electronically stored information. Moreover, Judge Torgerson did not preclude Plaintiff from seeking the requested information from Defendant. Nonetheless, because Defendant has already provided the same information, at a considerable cost, to Grant Thornton, the Court will not require Defendant to create these reports for Plaintiffs or require it to provide Plaintiff with its electronic databases so that Plaintiff can create them.

Rule 26(b)(2)(C) states:

The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2)(C).  The Court finds that it would be more cost effective and less burdensome for both parties for Plaintiff to obtain these reports from Grant Thornton.  Grant Thornton estimates it would cost approximately $40,000 to $70,000 to create the report requested by Plaintiff.  In comparison to what the parties have already expended on the audit ($447,345.15), the cost of the report is reasonable.  Moreover, Plaintiff has been afforded adequate time to comply with its agreement to compensate Grant Thornton for its share of the audit.  Finally, as ordered by Judge Torgerson, Defendant will not be required to pay for the cost of Grant Thornton's report.  Accordingly,  Plaintiff's Third Motion to Compel is DENIED.


_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**