IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**TECHNICAL SALES INC.,**

     **Plaintiff,**

vs.                                                                           No. CIV 05-0556 ACT/DJS

**DRESSER, INC.,**

     **Defendant,**

vs.

**JOHN GREANEY,**

     **Third-Party Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Dresser, Inc.'s Motion to Compel Technical Sales, Inc. and John Greaney to Withdraw Objections and Produce Documents, with Accompanying Authorities **[Doc. No. 111]**, filed on July 18, 2007, and fully briefed on August 20, 2007. Defendant moves the Court to compel Technical Sales, Inc. (TSI) and John Greaney to withdraw their objections and to produce documents in response to its discovery requests.

### I. Background

On May 2, 2007, Defendant served TSI its Second Requests for Production and served Mr. Greaney its First Request for Production. Responses to Defendant's discovery requests were due on June 1, 2007. However, TSI and Mr. Greaney failed to timely serve their responses. Thus, on June 7, 2007, Defendant's counsel e-mailed counsel for TSI and Mr. Greaney, informing him the responses were past due. Counsel for TSI and Mr. Greaney responded to the e-mail and requested until June 22, 2007, to serve the responses. Defendant's counsel agreed to

this extension conditioned on TSI and Mr. Greaney providing "full answers and no objections to the requests, as such objections would be untimely." Def.'s Mot. to Compel, Ex. A. On June 26, 2007, TSI and Mr. Greaney served their responses to Defendant's discovery requests along with a number of objections in their responses. Defendant contends TSI and Mr. Greaney should withdraw their objections because such objections have been waived as untimely.

TSI and Mr. Greaney concede their responses are untimely but maintain Defendant's position is unreasonable under the circumstances. TSI and Mr. Greaney contend "the short delay in asserting objections did not prejudice [Defendant] in any manner." Pl.'s Resp. to Def.'s Mot. to Compel at 2. TSI and Mr. Greaney also contend that "finding a waiver of objections would work an injustice to [them]." *Id.* TSI and Mr. Greaney objected on the grounds Defendant's requests were overly broad and would require privileged attorney-client communications.[1] Additionally, TSI and Mr. Greaney assert they produced TSI's business records for Defendant's inspection and copying on June 15, 2007. According to TSI and Mr. Greaney, on that day, Defendant's counsel visited TSI's facility and was provided with TSI's business records as they are kept in the ordinary course of TSI's business. *Id.* TSI and Mr. Greaney also contend they agreed "to provide numerous categories of the requested documents and are in the process of Bates labeling and copying those documents" thus "[n]o order compelling discovery is necessary." *Id.* at 3.

---

[1] In its Reply, Defendant "affirmatively states it has no interest in having [attorney-client or work-product] documents produced." Def.'s Reply at 3. Therefore, this is not an issue.

## II.  Discussion

### A.  Fed.R.Civ.P. 34 and Waiver

Rule 34 of the Federal Rules of Civil Procedure requires that a party upon whom a request for discovery is served respond within thirty days, either stating its willingness to comply or registering its objections.  FED.R.CIV.P. 34(b).  While Rule 34 does not contain the same specificity and waiver provisions as Rule 33 of the Federal rules of Civil Procedure, the Advisory Committee notes to Rule 34 state that "the procedure provided for in Rule 34 is essentially the same as that in Rule 33." FED.R.CIV.P. 34 advisory committee's note, 1970 Amendment, Subdivision (b).  Thus, courts have held that a party who fails to make a timely objection or fails to state the reason for an objection to a request for production has waived any objection.  *See e.g.*, *Pulsecard v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 303 (D.Kan.1996)("Although Fed.R.Civ.P. 34, governing production of documents and things, provides no similar language [as Fed.R.Civ.P. 33] with respect to specificity and waiver of objections, no reason exists to distinguish between interrogatories and requests for production."); *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir.1991)("Fed.R.Civ.P. 34(b) requires that a party upon whom a request for discovery is served respond within thirty days, either stating its willingness to comply or registering its objections.  If the responding party fails to make a timely objection, or fails to state the reason for an objection, he may be held to have waived any or all of his objections.").  Notwithstanding, "[w]hen the request far exceeds the bounds of fair discovery, a court retains discretion to decline to compel the production of documents even if a timely objection has not been made ." *Kolenc v. Bellizzi*, 95 CIV. 4494 (LMM)(KNF), 1999 WL 92604, at *3 (S.D.N.Y. February 19, 1999)(internal citations omitted).

Applying this standard and under the circumstances, the Court, in its discretion, declines to compel the production of documents solely on the grounds that TSI's and Mr. Greaney's untimely responses waived their objections.

### B.  Fed.R.Civ.P. 26 and the Law Governing Discovery

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." FED.R.CIV.P. 26(b)(1).  The Rule's relevancy requirement is to be construed broadly, and material is relevant if it bears on, or reasonably could bear on, an issue that is or may be involved in the litigation.  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 (1978).  "Although the scope of discovery under the federal rules is broad, . . . parties may not engage in a 'fishing expedition' in an attempt to obtain evidence to support their claims or defenses." *Richards v. Convergys Corp.*, No. 2:05-CV-00790-DAK, 2000 WL 474012, at *2 (D.Utah Feb. 6, 2007); *see also Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir.2000).  Finally, all discovery is subject to the limitations imposed by Rule 26(b)(2)(C)(i), (ii), and (iii).

### C.  Responses to Dresser's First Requests for Production

The requests for production that are at issue in terms of Mr. Greaney's responses are Requests for Production Nos. 2, 11, 12, 13, 15 and 16.  The requests for production that are at issue in terms of TSI's responses are Requests for Production Nos. 56, 57, 58, 60, 61, 62 and 63.

Requests for Production Nos. 2 and 56 request "all documents relating to Dresser, Inc. and any of its affiliates."

Mr. Greaney and TSI objected on the grounds the requests were overly broad on their face because the requests were not limited to the time at issue in the case.  Mr. Greaney also

4

objected because all documents "relating" to Dresser, Inc. or any of its affiliates "would include all sales orders, purchase orders, shipping orders, correspondence, notes, sales report files and project files and other unspecified documents, without regard to any of the issues involved in this lawsuit." Def.'s Mot. to Compel, Ex. B & C (John Greaney's and TSI's Responses to Defendant's First Request for Production).

A request for "all documents relating to Dresser, Inc. and any of its affiliates" is overly broad on its face since it does not sufficiently narrow the scope of the request and requires TSI and Mr. Greaney to produce documents concerning issues which have no relevance to the claims in this case. Requests Nos. 2 and 56 also require TSI and Mr. Greaney to produce **all** non-privileged documents without any time limitation. In its motion to compel and in its reply, Defendant also failed to address the objections or set forth how documents outside the period in question "bear on, or reasonably could bear on, an issue that is or may be involved in the litigation." *Oppenheimer*, 437 U.S. at 350.

Finally, TSI and Mr. Greaney contend they have "already made [TSI's] business records concerning its transactions with Dresser available for inspection and copying at TSI's place of business" and "will allow Dresser's counsel to inspect TSI's business records at TSI's place of business" and "designate documents responsive to this request for copying . . . ." Def.'s Mot. to Compel, Ex. B & C (John Greaney's and TSI''s Responses to Defendant's First Request for Production). Because these requests are facially overly broad and unduly burdensome, the Court will deny the motion to compel as requested. Defendant and TSI shall set up a time in which Defendant can inspect and copy the requested documents once Defendant narrows the scope of

Requests for Production Nos. 2 and 56 and limited to the period between January 1, 1999 through 2005.

Requests for Production Nos. 11 and 57 request "all documents reflecting your (TSI's) capitalization from the date of its incorporation to the present."

TSI and Mr. Greaney objected on the grounds the request was overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and it was not possible to ascertain what documents were potentially within the scope of the request. Notwithstanding their objections, TSI and Mr. Greaney offered to produce "summary documents or ledgers which show the requested information [TSI's capitalization] at a time and place mutually agreed upon by counsel." Def.'s Mot. to Compel, Ex. B & C (John Greaney's and TSI"s Responses to Defendant's First Request for Production). Counsel for TSI and Mr. Greaney shall contact Defendant's counsel to set a time to produce these documents.

Requests for Production No. 13 and 58 request "all documents reflecting any capital contributions, payments, loans, extensions of credit, or similar contributions made by [John Greaney] at any time to TSI Service, Inc."

TSI and Mr. Greaney objected on the grounds the request was overly broad on its face, not reasonably calculated to lead to the discovery of admissible evidence, and it was not possible to ascertain the documents which were within the scope of the requests. Notwithstanding their objections, TSI and Mr. Greaney offered to produce "summary documents or ledgers which show the requested information" at a "time and place mutually agreed up by counsel." Def.'s Mot. to Compel, Ex. B & C (John Greaney's and TSI"s Responses to Defendant's First Request for

Production).  Counsel for TSI and Mr. Greaney shall contact Defendant's counsel to set a time to produce these documents.

Requests for Production Nos. 15 and 62 request "all documents relating to any loans, cash contributions, or similar methods by which you (John Greaney) did or have tried to provide capital or other benefits to TSI, including but not limited to your attempts to obtain a loan(s) for payment of the invoices submitted by Grant Thornton in this matter, as represented by you to the Court at the April 23, 2007 hearing in this case."

Mr. Greaney objected on the grounds the request was overly broad on its face, not reasonably calculated to lead to the discovery of admissible evidence, and it was not possible to ascertain the documents which are within the scope of the request.  Notwithstanding his objections, Mr. Greaney offered to produce "summary documents or ledgers which show the requested information . . . at a time and place mutually agreed upon by counsel."  Def.'s Mot. to Compel, Ex. B (TSI"s Responses to Defendant's First Request for Production).  Counsel for Mr. Greaney shall contact Defendant's counsel to set a time to produce these documents.

Request for Production No. 16 requests "all bank statements and check registers of TSI Services, Inc. for the period January 1, 1999 to the present."  Mr. Greaney objected on the grounds the request was overly broad on its face, and the request was not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, Mr. Greaney asserted TSI was incorporated during 2003 and thus there were no bank account(s) prior to incorporation.  Mr. Greaney shall produce all bank statements and check registers of TSI from the time of incorporation to the present.

7

Request for Production No. 60 requests "all documents in your possession, custody, or control relating to John Greaney." TSI objected on the grounds the request was overly broad on its face, not reasonably calculated to lead to the discovery of admissible evidence, and it was impossible to ascertain which documents were within the scope of the request.

Although Defendant did not address TSI's objections, the Court surmises Defendant seeks evidence to address the issue of whether it can pierce the corporate veil and hold Mr. Greaney jointly and severally liable in his individual capacity for TSI's debt to Defendant.[2]

Rule 34(b) requires the party requesting production of documents to "describe each with reasonable particularity." FED.R.CIV.P. 34(b). Defendant alleges in its counterclaim that "there is such a unity between Greaney and TSI that observance of the corporate fiction has ceased and should be set aside." However, these allegations are not supported by any facts. Nonetheless, "courts have held that when a party seeks discovery about the relationship between individuals and a corporation, 'relevance is broadly and liberally construed.'" *Abu-Nassar v. Elders Futures Inc.*, No. 88 CIV. 7906 (PKL), 1991 WL 45062, *16 (S.D.N.Y. March 28, 1991)(quoting *Benchmark Design, Inc. v. BDC, Inc.*, CIV. No. 88-1007-FR, 1989 WL 81618, * 1 (D.Or. July 5,

---

[2] In Count Two of Defendant's Original Counterclaim and Third Party Petition, Defendant states:

> On many occasions during 2004, Dresser, in the regular course of business, and at the special instance and request of TSI, sold and delivered various goods and merchandise to TSI. Exhibits A and B. Dresser has kept a systematic record of these sales, pursuant to which TSI promised and became bound and liable to pay Dresser the prices charged for these products in the amount of $1,061,216.92. This amount is a reasonable charge for the products that TSI received from Dresser. Despite numerous demands by Dresser, TSI has failed and refused to pay its account.

Dresser's Original Counterclaim and Third Party Petition (Doc. No. 39).

1989); *see also Edgar v. Fred Jones Lincoln-Mercury of Okla. City, Inc.*, 524 F.2d 162, 165 (10th Cir. 1975("Since the cause is to be remanded, plaintiff is entitled to pursue discovery which would either establish or fail to establish the existence of facts sufficient to justify the piercing of the corporate veil."). Accordingly, the Court will grant, in part, Defendant's motion to compel as to Request for Production No. 60. TSI shall produce only those documents that touch on Mr. Greaney's control of TSI, e.g., corporate minutes, corporate bank accounts and/or statements, etc.

Request for Production No. 61 requests "all documents in [TSI's] possession, custody, or control relating to a company or companies called TSI Service, Inc. and/or TSI Services, Inc., from January 1, 2003 to the present."

TSI objected on the grounds the request was overly broad on its face, not reasonably calculated to lead to the discovery of admissible evidence, and it was impossible to ascertain which documents were within the scope of the request.

This request is facially overly broad, and production of all documents from one or more companies could represent a potentially significant burden if each company had a large volume of documents. Therefore, the motion to compel as to Request No. 61 is denied.

Request for Production No. 63 requests "all bank statements and check registers of TSI for the period January 1, 1999 to the present." TSI objected on the grounds the request was overly broad on its face and not reasonably calculated to lead to the discovery of admissible evidence. Defendant requests relevant information for a reasonable time frame. Accordingly, TSI shall produce the requested documents.

The trial date for this action is quickly approaching. The parties are encouraged to cooperate in completing discovery in a less contentious manner. Counsel are advised to approach discovery in a more conciliatory- rather than adversary-approach to the resolution of their discovery disputes. This will avoid the dissipation of already scarce litigation resources for everyone.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Dresser, Inc.'s Motion To Compel Technical Sales, Inc. and John Greaney to Withdraw Objections and Produce Documents, with Accompanying Authorities is granted in part and denied in part.

_____
**DON J. SVET**
**UNITED STATES DISTRICT COURT**