IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**TECHNICAL SALES INC.,**

    **Plaintiff,**

vs.                                                                  **No. CIV 05-0556 ACT/DJS**

**DRESSER, INC.,**

    **Defendant,**

vs.

**JOHN GREANEY,**

    **Third-Party Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Third-Party Defendant's First Motion to Compel Discovery **[Doc. No. 114]**, filed on July 25, 2007, and fully briefed on August 27, 2007. John Greaney, Third-Party Defendant, is the President and sole shareholder of Technical Sales, Inc. Mr. Greaney moves the Court to compel Dresser, Defendant and Third-Party Plaintiff, to answer certain interrogatories and produce documents as requested in his First Set of Interrogatories and Requests for Production which he served on June 1, 2007.

Mr. Greaney seeks information regarding three areas related to the commission transactions which are at issue in this case. Specifically, Mr. Greaney seeks discovery of evidence regarding the following:

> The *disclosed transactions*, which consist of transactions upon which Dresser paid commissions to TSI, and upon which TSI contends Dresser incorrectly calculated the commissions under the applicable sales representation agreements;

> The *undisclosed transactions*, which consist of transactions upon which Dresser did not pay any commissions to TSI, and upon which TSI contends it is entitled to commissions under the applicable sales representation agreements; and

> The *documented underpayment* which is the difference between the commission amounts which Dresser previously determined it owed to TSI for the Disclosed transactions, and the commission amounts which Dresser actually paid to TSI on the disclosed transactions.

Third-Party Def.'s First Mot. to Compel at 2.

## I.  Discussion

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." FED.R.CIV.P. 26(b)(1).  The Rule's relevancy requirement is to be construed broadly, and material is relevant if it bears on, or reasonably could bear on, an issue that is or may be involved in the litigation.  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 (1978).  "Although the scope of discovery under the federal rules is broad, . . . parties may not engage in a 'fishing expedition' in an attempt to obtain evidence to support their claims or defenses."  *Richards v. Convergys Corp.*, No. 2:05-CV-00790-DAK, 2000 WL 474012, at *2 (D.Utah Feb. 6, 2007); *see also Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir.2000).  Finally, all discovery is subject to the limitations imposed by Rule 26(b)(2)(C)(i), (ii), and (iii).

Federal Rule of Civil Procedure 34 governs requests for production of documents.  Rule 34 requires a written response to a request for production to "state with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated.  If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts."  Fed.R.Civ.P. 34(b).  Subsection (b) also provides that a party who produces documents for inspection "shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request."  *Id.*  Under subsection

2

(a), a party may be required to produce relevant documents and tangible things that are within its "possession, custody or control." Fed.R.Civ.P. 34(a). "[C]ontrol comprehends not only possession but also the right, authority, or ability to obtain the documents." *Comeau v. Rupp*, 810 F.Supp. 1127, 1166 (D.Kan. 1992).

### A. Interrogatories Nos. 1, 2, and 3 and Requests for Production Nos. 17 and 18

Mr. Greaney moves to compel Defendant to fully respond to Interrogatories Nos. 1, 2, and 3. However, all these interrogatories seek the same information TSI sought in its Third Motion to Compel. For the same reasons set forth in the Court's September 13, 2007 Memorandum Opinion and Order (Doc. No. 130), the Court will deny Mr. Greaney's motion to compel as to Interrogatories Nos. 1, 2, and 3.

Request for Production No. 17 requests "[t]he sales order, invoice and bill of lading for each sale identified in Dresser's Answers to Interrogatory Nos. 1, 2, and 3." Request for Production No.18 requests "[a]ll documents, including notes and correspondence evidencing or memorializing Dresser's calculation of commissions and commission splits for each sale identified in Dresser's Answers to Interrogatory Nos. 1, 2, and 3."

Defendant responded to both requests for production as follows:

> Please see Dresser's objections to Interrogatory Nos. 1, 2, and 3, above. Subject to and without waiver of these objections, Dresser states that it will make available for review at a mutually agreeable time and place documents in Dresser's possession, custody, and control, to the extent they exist, of sales transactions involving TSI from 1999 through 200[5]. Such production will be subject to the confidentiality order entered in this matter.

Third-Party Def.'s First Mot. to Compel, Ex. A (Dresser Inc.'s Responses to Third-Party Def.'s First Set of Interrogs. and Req. for Produc.).[1]

The discovery Mr. Greaney requests in Interrogatories Nos. 1, 2, and 3 and Requests for Production Nos. 17 and 18 are relevant. Mr. Greany, as president and sole shareholder of TSI, will have access to the requested discovery in Interrogatories Nos. 1, 2, and 3 after TSI obtains the "report" from Grant Thornton. However, Defendant shall produce the documents requested in Requests for Production Nos. 17 and 18 but only as to "each sale of a Dresser product which was shipped into or resold in TSI's territories for the period January 1, 1999 through 200[5]" and

---

[1] Defendant objected to Interrogatories Nos. 1, 2, and 3, stating:

Objection: the discovery request seeks irrelevant information, and is not reasonably calculated to lead to the discovery of relevant evidence. The claims in this matter against Third-Party Defendant John Greaney do not relate to claims for commissions, or to the information sought in this interrogatory. *See* Dresser, Inc.'s Original Counterclaim and Third-Party Petition.

Objection: this discovery request is unreasonably burdensome, and the requested information can be obtained through another source, at TSI's expense. The interrogatory seeks information that can be obtained through the independent auditor in this matter. Grant Thornton, the expense for which the Court has stated Dresser is not obligated to pay. *See* Clerk's Minutes for 5/24/07 Hearing [Doc. No. 102]("Court– D [Dresser] not obligated to pay for Grant Thornton report" containing the same information requested by this interrogatory).

Objection: this discovery request is overbroad, requests irrelevant information, and is not reasonably calculated to lead to discovery of admissible evidence. The request requests information regarding "a Dresser product," which term is defined by Plaintiff to include products other than those products identified in the Sales Representation Agreements between Dresser and Plaintiff.

Objection: this discovery request is overbroad, requests irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. The request, which requests information "through 2006," requests information for a time period that is outside the scope of the Sales Representation Agreements between Dresser and Plaintiff.

Third-Party Def.'s First Mot. to Compel, Ex. A (Dresser Inc.'s Responses to Third-Party Def.'s First Set of Interrogs. and Req. for Produc.).

4

only as to products identified in the Sales Representation Agreements between Dresser and TSI. Additionally, TSI should already have in its possession documents of sales transactions involving TSI and Dresser from 1999 through 2005. Accordingly, Defendant need not produce these documents.

**B.  Requests for Production Nos. 1, 2, 3, 4, 5, 6, 7, and 8**

Defendant contends there is no dispute regarding Requests for Production Nos. 1, 2, 3, 4, 5, 6, 7, and 8. Mr. Greaney states Defendant "has an obligation to produce responsive documents in the possession of Cooper Corporation . . . , but has yet to acknowledge that it will." Third-Party Def.'s Reply at 7. However, Defendant asserts it "gave exactly this confirmation." Def.'s Resp. to Third-Party Def.'s First Mot. to Compel at 9. If Defendant has not yet produced these documents, including those in the possession of Cooper Corporation, it should do so as expeditiously as possible.

**C.  Requests for Production Nos. 9, 10, 11, 12, 13, and 14**

Requests for Production Nos. 9, 10, 11, 12, 13, and 14  request documents "which show or tend to show specific factual allegations made by Dresser against Greaney in its Counterclaim, for example, documents which show that 'there is such a unity between Greaney and TSI that observance of the corporate fiction has ceased and should be set aside.'"   Third-Party Defendant's First Mot. to Compel at 9.

Defendant responded to each one of these requests for production as follows:

Dresser will provide responsive documents after it has been provided with, and has had an opportunity fully to review and evaluate, the documents requested in its First Requests for Production to John Greaney, and its Second Requests for Production to TSI.

5

This is not an acceptable objection. Defendant shall produce all documents requested in Requests for Production Nos. 9, 10, 11, 12, 13, and 14.

Finally, the Court notes Requests for Production Nos. 15 and 16 are not in dispute. *See* Third-Party Def.'s First Mot. to Compel, Ex. A (Dresser, Inc.'s Responses to Third-Party Def. John Greaney's First Set of Interrogs. and Requests for Produc.). It appears that Mr. Greaney inadvertently included them along with Requests for Production Nos. 9, 10, 11, 12, 13, and 14 in his motion to compel. However, a review of Defendant's responses to Requests for Production Nos. 15 and 16 indicates Defendant did not object to these requests.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Third-Party Defendant's First Motion to Compel Discovery is granted in part and denied in part.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**