IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**TECHNICAL SALES, INC.,**

        Plaintiff,

vs.                                                                                                  Civ. No. 05-556 ACT/DJS

**DRESSER, INC.,**

        Defendant,

and

**DRESSER, INC.**,

        Counter-Plaintiff and
        Third-party Plaintiff,

v.

**TECHNICAL SALES, INC.,**

        Counter-Defendant,

and

**JOHN GREANEY,**

        Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Sommer Law Firm's Contested Motion to Withdraw filed February 5, 2008 [Doc. 187].  Sommer, Udall, Hardwick, Ahern & Hyatt, LLP ("Sommer Law Firm"), attorneys for the Plaintiff Technical Sales, Inc. ("TSI"), and the Third-Party

Defendant John Greaney ("Greaney"), are seeking an order permitting the Sommer Law Firm to withdraw as counsel pursuant to D.N.M.LR-Civ. 83.8.  Upon review of the pleadings and being otherwise advised in the premises, the Court finds that the Motion is well taken and will be granted.

The Sommer Law Firm states as grounds for withdrawal that TSI and Greaney's failure to honor the terms of the fee agreement has caused and will continue to cause substantial financial hardship.  Specifically, the Sommer Law Firm states that TSI and Greaney owe the Sommer Law Firm $112,946.14 as of February 3, 2008.  Total billings in 2007 were $92,805.36.  TSI made payments totaling $17,272.28 during 2007 and the last payment was made May 23, 2007.  Billings in 2008 totaled $6,876.52.  TSI has not made any payments in 2008.  Greaney never made any payments.

It is stated in the Motion that TSI and Greaney oppose the Motion.[1]  The Motion further gives notice that objections to the motion must be filed within fourteen (14) calendar days from service of the motion and that failure to object constitutes consent to grant the motion.  TSI and Greaney have not filed a timely response or made any timely objections to the Motion.  Thus, pursuant to 83.8(b) and D.N.M.LR-CIV. 7.1(b), TSI's and Greaney's failure to timely respond or object constitutes consent to grant the motion.

Dresser, Inc. (Dresser) opposes the Motion and filed a response on February 22, 2008 [Doc. 196].  Dresser asserts it would be prejudiced by the withdrawal.  It asserts that the Sommer Law Firm is "intricately involved in the discovery that remains"...."and would adversely harm the Court's resources and efficiency."  Response at 7.  It further asserts that depending on how the Court rules

---

[1] Counsel for TSI and Greaney certified that on February 5, 2008, he emailed and mailed a copy of this motion to TSI and Greaney.

on the motion to reconsider, "TSI's action against Dresser might be fully resolved with little or no further billing by the Sommer Firm." *Id*. at 8.

The Court finds that Dresser will not be unduly prejudiced by the withdrawal. The Court denied the Motion to Reconsider and has vacated the pre-trial conference and the trial setting pending the lifting of the bankruptcy stay [Doc. 205]. The bankruptcy stay prohibits the Court from ruling on Dresser's Partial Motion for Summary Judgment on Counterclaim for Breach of Contract [Doc. 152], Grant Thornton's request that a judgment be entered against TSI for the money it owes to Grant Thornton [Doc. 186], and Plaintiff Technical Sales, Inc.,'s Motion to Reconsider January 24, 2008 Order which concerns attorneys fees awarded to Dresser and Grant Thornton [Doc. 194].

Finally, the Court notes that the Motion correctly states that "TSI is a corporation and can appear only with an attorney." D.N.M.LR-Civ. 83.7. Local Rule D.N.M.LR-Civ 83.8 states that when an attorney seeks to withdraw from representation of a corporation he must give notice to the corporation that it can only appear through an attorney (which the Sommer Law Firm has done). Motion at 2. Local Rule 83.8 goes on to state that "[a]bsent entry of appearance by a new attorney, any filings made by the party may be stricken and default judgment or other sanctions imposed." *Id.*

**IT IS THEREFORE ORDERED** that Sommer, Udall, Hardwick, Ahern & Hyatt are hereby allowed to withdraw as counsel for Technical Sales, Inc. and John Greaney.

**IT IS FURTHER ORDERED** that Sommer, Udall, Hardwick, Ahern & Hyatt, LLP serve a copy of this Order on Technical Sales, Inc. and John Greaney within five (5) days of entry of this Order.

**IT IS FURTHER ORDERED** that within fifteen (15) days of entry of this order substitution counsel will file an entry of appearance and if there is no substitution of counsel, John Greaney will file a pleading with his address(es) and telephone number(s) so that notice of any future filings or proceedings can be provided to him individually and as President of TSI, Inc.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**,
**PRESIDING**