# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**TECHNICAL SALES, INC.,**

    Plaintiff,

vs.                                                                                            Civ. No. 05-556 ACT/DJS

**DRESSER, INC.,**

    Defendant,

and

**DRESSER, INC.**,

    Counter-Plaintiff and
    Third-party Plaintiff,

v.

**TECHNICAL SALES, INC.,**

    Counter-Defendant,

and

**JOHN GREANEY,**

    Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court on Grant Thornton LLP's Motion for Intervention filed September 20, 2010 [Doc. 221]. Upon review of the pleadings and the pertinent law, the Court finds that the Motion is not well taken and will be denied.

A review of the docket and the pleadings in this matter reveals the following chronology. This matter was removed to federal court on May 20, 2005 [Doc. 2005]. This was a case involving a contract dispute between Dresser, Inc. ("Dresser"), a manufacturer and seller of valves and related products, and Technical Sales, Inc., ("TSI") a former sales representative for Dresser. TSI claimed that Dresser had intentionally failed to pay TSI commissions on sales of Dresser's products and sought damages for breach of contract, quantum meruit, misrepresentation and unfair practices. TSI also sought declaratory relief regarding its right to an offset against amounts which Dresser claimed TSI owed, and a declaration that certain disputes between the parties are not subject to arbitration.

Dresser countersued and filed a third-party suit against John Greaney, the President and majority shareholder of TSI.

On September 27, 2006, the Court approved an order appointing Grant Thornton LLP ("Grant Thornton") as an independent expert in this matter. Doc. 59. The Order stated that Grant Thornton "shall review records and prepare an audit establishing the amount of commissions, if any, owed by Dresser to TSI, or, if the audit shows commissions were overpaid, establishing the amount of such overpayment." *Id*.

On May 14, 2007, the Court terminated the audit as the audit "had become entirely too expensive." Doc. 97. The Court further ordered that Grant Thornton submit final billings to the parties and that each party was responsible for one-half of the finalized Grant Thornton bill. *Id.* Finally the Court ordered that if TSI is unable to deposit its full share of one-half of the bill within thirty days of the date of the Order, TSI is directed to deposit $10,000 per month into the Court Registry, until the bill is paid in full. *Id*. TSI failed to comply. The Court held a show cause hearing on November 13, 2007 [Doc. 153]. On December 21, 2007, the Court ordered TSI to pay Grant Thornton the balance due plus interest and awarded Dresser and Grant Thornton attorneys'

fees and costs incurred in preparing for and attending the show cause hearing. On January 24, 2008, the Court ordered TSI to pay Dresser $5,484.83 and Grant Thornton $5,968,96 within thirty (30) days of entry of this Order. Doc. 183.

On February 19, 2008, TSI filed a Notice of Automatic Stay as it had filed a Chapter 11 bankruptcy proceeding. Doc. 195.  On March 8, 2008, the Court permitted counsel for TSI and Greaney to withdraw because of the failure of TSI to honor the terms of the fee agreement. Doc. 206.   On April 7, 2010, Dresser filed notice that the bankruptcy court dismissed the bankruptcy case of TSI on October 23, 2009. Doc. 211.  On May 13, 2010, the Court entered an order stating that it would "enter judgment in favor of Grant Thornton, LLP, for the amount owed to it by Plaintiff/Counter-Defendant Technical Sales, Inc...."[1] Doc. 214.  On July 29, 2010, the Court denied Grant Thornton's Motion for Entry of Judgment against TSI on the grounds that Grant Thornton was not a party to this lawsuit.  Doc. 218.  The Court dismissed this matter on August 26, 2010.  Doc. 220.

**Rule 24(b) standards for permissive intervention**.

Grant Thornton is seeking intervention pursuant to Fed.R.Civ.P. 24(b).  Federal Rule of Civil Procedure 24(b) allows permissive intervention under the following conditions: (i) the application to intervene is timely; (ii) the applicant's claim or defense and the main action have a question of law or fact in common; and (iii) intervention will not unduly delay or prejudice the adjudication of the original parties' rights.  Fed.R.Civ. P. 24(b).

Grant Thornton asserts that this Motion is timely because it has diligently pursued its claim against TSI.  This is not the standard that the Tenth Circuit has applied.  The Tenth Circuit has held

---

[1] The Court erred when it wrote that it would enter a "judgment" in favor of grant Thornton.

that "[t]he timeliness of a motion to intervene is assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Utah Assoc. of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (internal quotation marks omitted).

> "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner. Federal courts should allow intervention where no one would be hurt and greater justice could be obtained." *Id.* (internal quotation marks omitted).

Intervention is properly denied where, for example, a case is near its end stage or after judgment has been entered. *Brown v. Bd. of Ed. Of Topeka*, 84 F.R.D. 383, 399 (D. Kan. 1979) (citations omitted) ("Post-judgment interventions are generally disfavored because of the assumption that they will (1) prejudice the rights of existing parties, and (2) interfere with the orderly processes of the court."). *See, e.g., United States v. Washington*, 86 F.3d 1499, 1505 (9th Cir. 1996) (denying motion to intervene where litigation was in final stages; *Associated Builders v. Herman* 166 F.3d 1248, 1257 (D.C. Cir. 1999) (denying motion to intervene where the proposed intervenor sought intervention almost a year after the initial lawsuit was filed and two weeks after judgment had been entered).

The balance of prejudice clearly weighs in favor of denying intervention in this instance. The Court notes that, though not determinative, Grant Thornton knew as early as November of 2007 when the Court held a show cause hearing that TSI may not pay its bill. Doc. 153. What is determinate is that all the claims in this matter have been dismissed and the lawsuit has been terminated by the Court. Docs. 201, 202, 215 and 220. TSI filed for bankruptcy and that matter is also concluded. Doc. 211. In addition, TSI counsel was permitted to withdraw from this matter. Doc. 206.

In addition, there is no common question of law or fact warranting permissive intervention. Grant Thornton asserts its claim is "inextricably tied" to this lawsuit because Grant Thornton's claim exists because of the dispute between TSI and Dresser. Motion, Doc. 221 at 5.  However, a review of the respective claims demonstrates Grant Thornton's claim is not "inextricably tied" to the main action.  The "main action" involved breach of contract claims and offsets between Dresser and TSI. Doc. 1.  Grant Thornton's claim is as a retained expert which is seeking payment of its fees.  *Palmer v. Nelson*, 160 F.R.D. 118, 123 (D. Neb. 1994) ("The issues raised in this case–the legality (both constitutional and statutory) for the care being received by certain developmentally disabled individuals in Nebraska–are clearly separate and distinct from the issues of attorneys fees reimbursement and Rule 11 sanctions.").

For all the foregoing, the Court finds that Grant Thornton's Motion for Intervention [Doc. 221] is not well taken and will be denied.

**IT IS SO ORDERED.**

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**,
**PRESIDING**